107 F.3d 754
 73 Fair Empl.Prac.Cas. (BNA) 219,
69 Empl. Prac. Dec. P 44,500,
97 Cal. Daily Op. Serv. 1231,
97 Daily Journal D.A.R. 1835
Kelbi FOLKERSON, Plaintiff-Appellant,
v.
CIRCUS CIRCUS ENTERPRISES, INC., dba Circus Circus Hotel &
Casino, Defendant-Appellee.
 No. 96-16035.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Feb. 13, 1997.
Decided Feb. 21, 1997.
 
 Richard Segerblom, Las Vegas, Nevada, for plaintiff-appellant.
 Cam Ferenbach, Lionel, Sawyer & Collins, Las Vegas, Nevada, for defendant-appellee.
 Appeal from the United States District Court for the District of Nevada, Philip M. Pro, District Judge, Presiding. D.C. No. CV-92-01065-PMP/LRH.
 Before: BRUNETTI, FERNANDEZ, and HAWKINS, Circuit Judges.
 BRUNETTI, Circuit Judge:
 
 
 1
 Appellant Kelbi Folkerson filed this lawsuit alleging that she was sexually harassed by a casino patron and fired in retaliation for rejecting that harassment by her employer, Appellee Circus Circus Casinos, Inc. ("Circus Circus") in violation of Title VII. At the conclusion of discovery, the district court granted Appellee Circus Circus's motion for summary judgment on the ground that Folkerson was an independent contractor, not an employee, and therefore not protected by Title VII. Folkerson appealed that judgment to this court which reversed in a memorandum disposition. Folkerson v. Circus Circus Enterprises, Inc., No. 93-17158, 1995 WL 608432. On remand, Circus Circus filed a second motion for summary judgment on the ground that Folkerson could not prove a prima facie case of retaliation. The district court granted summary judgment and we affirm.
 
 I.
 
 2
 Kelbi Folkerson is a professional mime who performed in the guise of a life-size children's wind-up toy named "Kelbi the Living Doll." Folkerson was employed in that capacity by Circus Circus. Because Folkerson was so convincing in her character, casino patrons would often wonder whether or not she was a real person. Folkerson was concerned because some patrons would try to touch her to find out if she was human. When Folkerson discussed these concerns with her supervisor, she was told that she should call security whenever she experienced problems and was provided with a sign reading "Stop, Do Not Touch" which she wore on her back. Further, Circus Circus allowed another performer, a large man dressed in a clown costume, accompany Folkerson when she was performing. Folkerson ensured her protection further by enlisting the help of others at the casino who told her that they would call security if they saw that she was in trouble and would occasionally tell casino patrons not to touch Folkerson or other performers.
 
 
 3
 Despite these precautions, Folkerson was touched by a casino patron on November 20, 1991. According to Folkerson, a casino patron approached her and said to onlookers, "I will show you how real she really is." A woman working at a nearby car rental counter warned the patron three times not to touch the performer. Nonetheless, the patron moved toward Folkerson with open, extended arms, as though he planned to hug her. He touched her in the shoulder area, whereupon Folkerson reached up and hit the patron in the mouth. After Folkerson's supervisor reviewed a videotape of the incident, he terminated Folkerson's employment based upon his conclusion that Folkerson did not have adequate provocation to hit the patron. Folkerson alleged that she was terminated in retaliation for her opposition to and rejection of the casino patron's "sexual harassment" in violation of section 2000e-3a of Title VII. 42 U.S.C. § 2000e-3(a).
 
 II.
 
 4
 Section 2000e-3(a) makes it unlawful for an employer "to discriminate against any of [its] employees ... because [the employee] has opposed any practice made an unlawful employment practice" by Title VII. 42 U.S.C. § 2000e-3(a). To succeed in a retaliation claim, Folkerson must demonstrate (1) that she was engaging in protected activity/opposition, (2) that she suffered an adverse employment decision, and (3) that there was a causal link between her activity and the employment decision. Trent v. Valley Electric Ass'n, Inc., 41 F.3d 524, 526 (9th Cir.1994). Because Folkerson cannot prove the first element of a prima facie case of retaliation, summary judgment against her was proper.
 
 
 5
 Folkerson argues that she engaged in protected opposition in rejecting the casino patron's sexual harassment. In order to prove that she engaged in protected opposition, "the opposition must be directed at an unlawful employment practice of an employer, not an act of discrimination by a private individual." Silver v. KCA, Inc., 586 F.2d 138, 141 (9th Cir.1978). Under certain circumstances, the discriminatory acts of persons other than the employer will be imputed to the employer constituting an unlawful employment practice of the employer. For example, we have previously held that an employer may be held liable for the discriminatory acts of its supervisors. EEOC v. Hacienda Hotel, 881 F.2d 1504, 1513-14, 1515-16 (9th Cir.1989). We have also held that employers may be liable for failing to prevent or remedy sexual harassment among co-workers of which management-level employees knew or in the exercise of reasonable care should have known. Ellison v. Brady, 924 F.2d 872, 881 (9th Cir.1991). We now hold that an employer may be held liable for sexual harassment on the part of a private individual, such as the casino patron, where the employer either ratifies or acquiesces in the harassment by not taking immediate and/or corrective actions when it knew or should have known of the conduct. See Trent, 41 F.3d at 526 (where employer hires outside trainer to train its employees, a function often carried out by company supervisors, and outside trainer harasses employees, company may be liable under Title VII); Powell v. Las Vegas Hilton Corp., 841 F.Supp. 1024, 1028 (D.Nev.1992) (where employer egregiously mishandled employees repeated complaints about harassment from casino customers, employer either ratified or was complicitous in the harassment); 29 C.F.R. § 1604.11(e) (employers may be liable for sexual harassment perpetrated by nonemployees "in the workplace, where the employer ... knows or should have known of the conduct, and fails to take immediate and appropriate corrective action.").
 
 
 6
 To satisfy the first element in a prima facie case of retaliation, Folkerson must show sufficient facts to impute the actions of the casino patron to her employer. We conclude that Folkerson failed to show any facts which would indicate that Circus Circus in any way ratified or acquiesced in the patron's alleged sexual harassment. Instead, the facts indicate that Circus Circus took reasonable steps to ensure Folkerson's safety from customer harassment.
 
 
 7
 The district court correctly concluded that Folkerson failed to establish that she was opposing an unlawful employment practice of Circus Circus, summary judgment was properly granted and we AFFIRM.
 
 
 8
 AFFIRMED.